# IN THE UNITED STATES DISTRICT COURT FOR THE
## NORTHERN DISTRICT OF FLORIDA
## PENSACOLA DIVISION

**SIDNEY MARTS,**
   **Plaintiff,**

**vs.**           **Case No.: 3:08cv24/RV/MD**

**JACK BEHR, et al.**
   **Defendants.**
_____

### ORDER and
### REPORT AND RECOMMENDATION

  This cause is before the court upon the *pro se* plaintiff's amended civil rights complaint filed pursuant to 42 U.S.C. § 1983 (doc. 4), and his motion to proceed *in forma pauperis* (doc. 5).  Good cause having been shown, leave to proceed *in forma pauperis* will be granted.  However, upon review of plaintiff's amended complaint the court concludes that plaintiff has not presented an actionable claim and that dismissal of this case is warranted.

  Since plaintiff is proceeding *in forma pauperis*, the court may dismiss the case if satisfied that the action is "(i) frivolous or malicious;  (ii) fails to state a claim on which relief may be granted;  or (iii) seeks monetary relief against a defendant who is immune from such relief."   28 U.S.C. § 1915(e)(2)(B).   The court must read plaintiff's *pro se* allegations in a liberal fashion.  *Haines v. Kerner*, 404 U.S. 519, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972).  A complaint is frivolous under section 1915(e) "where it lacks an arguable basis either in law or in fact."  *Neitzke v. Williams*, 490 U.S. 319, 325, 109 S.Ct. 1827, 1833, 104 L.Ed.2d 338 (1989).  Dismissals on this ground should only be ordered when the legal theories are "indisputably meritless," *Id.* at 327, 109 S.Ct. at 1833, or when the claims rely on factual allegations that are "clearly baseless."  *Denton v. Hernandez*, 504 U.S. 25, 31, 112 S.Ct. 1728, 1733, 118

L.Ed.2d 340 (1992).  Dismissals for failure to state a claim are governed by the same standard as Federal Rule of Civil Procedure 12(b)(6).  *Mitchell v. Farcass*, 112 F.3d 1483, 1485 (11th Cir. 1997).  In determining whether the complaint states a claim upon which relief may be granted, the court accepts all the factual allegations in the complaint as true and evaluates all inferences derived from those facts in the light most favorable to the plaintiff.  *Hunnings v. Texaco, Inc.*, 29 F.3d 1480, 1483 (11th Cir. 1994).  The complaint may be dismissed if the facts as pleaded do not state a claim to relief that is plausible on its face.  *See Bell Atl. Corp. v. Twombly*, --- U.S. ---, 127 S.Ct. 1955, 1968-69, 1974, 167 L.Ed.2d 929 (May 21, 2007) (retiring the negatively-glossed "no set of facts" language previously used to describe the motion to dismiss standard and determining that because plaintiffs had "not nudged their claims across the line from conceivable to plausible, their complaint must be dismissed" for failure to state a claim).  A complaint is also subject to dismissal under Rule 12(b)(6) when its allegations--on their face--show that an affirmative defense bars recovery on the claim.  *Marsh v. Butler County, Ala.*, 268 F.3d 1014, 1022 (11th Cir. 2001).

The plaintiff in this case is currently incarcerated at the Escambia County Jail awaiting trial on five felony counts and one misdemeanor count.  (Doc. 4, p. 5).  His amended complaint names two defendants: Jack Behr, Public Defender for the First Judicial Circuit; and Karl Labertew, Assistant Public Defender.  (*Id.*, p. 2).  Defendants are sued in their individual and official capacities.  (*Id.*, p. 7).  Plaintiff claims the defendants, "through an ongoing policy of [sic] practice" with Circuit Judge Frank Bell, other First Circuit Court judges, and the State Attorney's Office, denied him adequate representation at his December 6, 2007 initial appearance because the "record lack[ed] appropriate documentation for probable cause."  (*Id.*, p. 5).  Plaintiff further asserts that Assistant Public Defender Labertew denied him his "fundamental right to a timely speedy trial, probable cause determination hearings, fundamental right to be duly inform[ed] of nature and charges," and that Labertew "agreed through legal means of stand-by counsel with Judge Frank Bell"

to deprive plaintiff of his right to self-representation.  (*Id.*, pp. 5-6).  As relief, plaintiff seeks "a consent order be entered, injunctive relief, declaratory relief" and any other relief the court deems just.  (*Id.*, p. 7).

In any section 1983 action, the initial inquiry must focus on whether two essential elements are present:

> 1.  whether the conduct complained of was committed by a person acting under color of state law; and

> 2.  whether this conduct deprived a person of rights, privileges, or immunities secured by the Constitution or laws of the United States.

*Parratt v. Taylor*, 451 U.S. 527, 535, 101 S.Ct. 1908, 1912, 68 L.Ed.2d 420, 428 (1981), *overruled on other grounds*, *Daniels v. Williams*, 474 U.S. 327, 106 S.Ct. 662, 88 L.Ed.2d 662 (1986); *Griffin v. City of Opa-Locka*, 261 F.3d 1295, 1303 (11th Cir. 2001). With regard to the first requirement, it is well-settled that "the party charged with the deprivation must be a person who may fairly be said to be a state actor."  *Patrick v. Floyd Med. Ctr.*, 201 F.3d 1313, 1315 (11th Cir. 2000).

The United States Supreme Court has held that "a public defender does not act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding."  *Polk County v. Dodson*, 454 U.S. 312, 325, 102 S.Ct. 445, 453, 70 L.Ed.2d 509 (1981).  In the instant case, plaintiff's § 1983 claims against Assistant Public Defender Labertew are based on such activities--decisions by Labertew concerning how to proceed during plaintiff's initial appearance, arraignment, and on other pre-trial matters such as whether to demand a speedy trial.  Such decisions represent the exercise of Labertew's independent professional judgment and, even when incorrectly made, cannot be considered an action under color of state law.  Because Labertew was not acting under color of state law when he engaged in the alleged unconstitutional conduct, plaintiff's claims against him cannot proceed under § 1983.  *Polk County*, 454 U.S. at 325, 102 S.Ct.

at 453.[1]

Plaintiff's claims against Public Defender Behr are also due to be dismissed, albeit on different grounds. It is well-settled that *respondeat superior*, without more, does not provide a basis for recovery under section 1983. *Polk County v. Dodson*, 454 U.S. at 325, 102 S.Ct. at 453-54; *Cottone v. Jenne,* 326 F.3d 1352 (11th Cir. 2003); *Harris v. Ostrout,* 65 F.3d 912, 917 (11th Cir. 1995). "Supervisory liability under § 1983 occurs either when the supervisor personally participates in the alleged unconstitutional conduct or when there is a causal connection between the actions of a supervising official and the alleged constitutional deprivation." *Cottone,* 326 F.3d at 1360; *see also Marsh v. Butler County,* 268 F.3d 1014, 1035 (11th Cir. 2001)*; Swint v. City of Wadley, Alabama,* 51 F.3d 988, 999 (11th Cir. 1995); *Rivas v. Freeman*, 940 F.2d 1491, 1495 (11th Cir. 1991). The necessary causal connection can be established when (1) a "history of widespread abuse puts the responsible supervisor on notice of the need to correct the alleged deprivation," and he fails to do so; (2) a supervisor's "custom or policy result[s] in deliberate indifference to constitutional rights;" or (3) facts support "an inference that the supervisor directed the subordinates to act unlawfully or knew that the subordinates would act unlawfully and failed to stop them from doing so." *Cottone, supra,* (internal marks, quotations,

---

[1]Although "private defendants can be held liable in a § 1983 action if they act in concert with the state officials in depriving a plaintiff of constitutional rights," *Bendiburg v. Dempsey*, 909 F.2d 463, 468 (11th Cir. 1990), plaintiff has made no such showing. To the extent his allegations may be liberally construed as asserting that Labertew's appointment as stand-by counsel constituted a conspiracy to deprive plaintiff of his right to self-representation and to obtain an illegal conviction, such allegation is insufficient to state a § 1983 claim. To establish a prima facie case of conspiracy under § 1983, the plaintiff must allege, among other things, that the defendants "reached an understanding to violate his rights." *See Rowe v. City of Fort Lauderdale*, 279 F.3d 1271, 1283 (11th Cir. 2002) (quotation and alteration omitted) (in a summary judgment context). "The plaintiff does not have to produce a smoking gun to establish the understanding or willful participation required to show a conspiracy, but must show some evidence of agreement between the defendants." *Id.* at 1283-84 (quotations and citation omitted). To allege a conspiracy, a plaintiff must make "particularized allegations" that are more than vague or conclusory. *GJR Inv., Inc. v. County of Escambia, Florida*, 132 F.3d 1359, 1370 (11th Cir. 1998); *see also Jackson v. Bell South Telecomms.*, 372 F.3d 1250, 1262-63 (11th Cir. 2004) ("[C]onclusory allegations, unwarranted deductions of facts or legal conclusions masquerading as facts will not prevent dismissal.") (citation and quotation marks omitted) (alteration in original). The mere fact that Labertew was appointed as stand-by counsel does not indicate that he reached an understanding with the trial judge and prosecutor to deprive plaintiff of his constitutional rights.

and citations omitted).

In the instant case, plaintiff's allegations do not suggest that Public Defender Behr personally participated in representing plaintiff at his initial appearance or any other phase of his criminal proceeding.  Nor do plaintiff's allegations suggest any causal connection between Behr and the alleged failures of Assistant Public Defender Labertew.  Plaintiff's sole allegation concerning Behr is that the Public Defender's Office has a "policy or practice" of inadequately representing defendants at initial appearances.  This allegation, without more, is insufficient to impose liability on Behr in his individual or official capacity, where plaintiff wholly fails to identify an affirmative policy or custom implemented by Behr that resulted in the denial of adequate representation at initial appearances.  *See Cottone*, 326 F.3d at 1361-62 (11th Cir. 2003) (dismissing § 1983 claims against supervisory officials where plaintiffs' complaint did not allege any specific facts connecting the supervisors to their subordinates' alleged unconstitutional conduct; there was no allegation that supervisors directed the subordinates to act unlawfully, that the supervisors had any knowledge of their subordinates' alleged misconduct, or that any affirmative custom or policy implemented by the supervisory defendants played a role in the alleged constitutional deprivation).  Moreover, plaintiff's allegations do not remotely suggest that Behr was on notice that Labertew and/or other assistant public defenders engaged in conduct at initial appearances which deprived defendants of their constitutional rights so as to put Behr on notice of a need to correct the conduct. *Id.*

Because the facts as pleaded in plaintiff's amended complaint do not state a § 1983 claim to relief against the defendants that is plausible on its face, this cause should be dismissed under 28 U.S.C. § 1915 (e)(2)(B)(ii).

Accordingly, it is ORDERED:

Plaintiff's application to proceed *in forma pauperis* (doc. 5) is GRANTED for the limited purpose of dismissing this action.

**And it is respectfully RECOMMENDED:**

1.   That this cause be **DISMISSED WITH PREJUDICE** under 28 U.S.C. § 1915(e)(2)(B)(ii).

2.   That all pending motions be **DENIED** as moot.

3.   That the clerk be directed to close the file.

At Pensacola, Florida this 14th day of February, 2008.


/s/ *Miles Davis*

**MILES DAVIS**
**UNITED STATES MAGISTRATE JUDGE**


## NOTICE TO THE PARTIES

**Any objections to these proposed findings and recommendations must be filed within ten days after being served a copy hereof.  Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.  A copy of any objections shall be served upon any other parties.  Failure to object may limit the scope of appellate review of factual findings.  *See* 28 U.S.C. § 636; *United States v. Roberts*, 858 F.2d 698, 701 (11th Cir. 1988).**